IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-520-FL

| | |
|---|---|
| RANDOLPH SHOULARS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (DE # 20, 22). These motions were referred to Magistrate Judge Robert B. Jones, Jr., who filed a memorandum and recommendation ("M&R") on July 14, 2009. The magistrate judge recommended granting plaintiff's motion for judgment on the pleadings, denying defendant's motion, reversing the decision of the Commissioner, and remanding for a calculation of benefits (DE # 25). Defendant filed an objection to the M&R, arguing the magistrate judge's finding that the Administrative Law Judge ("ALJ") improperly applied Rule 202.11 of the Medical-Vocation Guidelines (the "Grids"), instead of Grid Rule 202.09, was incorrect (DE # 26). In this posture, the matter is ripe for adjudication. For the reasons that follow, this court adopts the M&R, rejects defendant's objection to the M&R, grants plaintiff's motion, denies defendant's motion, and remands this matter for a calculation of benefits.

## STATEMENT OF THE CASE

On May 9, 2005, plaintiff filed an application for Supplement Security Income ("SSI") payments, alleging disability since June 1, 2004. (R. at 17, 75-80.) This claim was denied initially and again upon reconsideration. (R. at 27-28, 46, 65.) On December 5, 2007, a hearing was held before an ALJ, at which plaintiff was represented by counsel, and a medical expert ("ME") and a vocational expert ("VE") testified. (R. at 453-87.) The ALJ issued a decision denying plaintiff's request for benefits on March 24, 2008. (R. at 14-26.) The Appeals Council denied plaintiff's request for review on August 21, 2008, rendering the ALJ's decision the final decision of the Commissioner. (R. at 5-7.) Finally, on October 16, 2008, plaintiff filed the instant action in this court.

## DISCUSSION

A.  Standard of Review

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3). It must uphold the findings of an ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir.1984).

To assist it in making such a determination, the court may "designate a magistrate . . . to

conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and recommendations for disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). "The magistrate . . . shall file his proposed findings and recommendations . . . with the court." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

If a claimant does not fall squarely within one of the Grid categories, the Grids are only to be used as a "framework" by the ALJ, rather than to direct any specific result. Before slotting a claimant into a particular Grid Rule, however, the ALJ must first determine whether the claimant is conversant and literate in English. See 20 C.F.R. §§ 404.1564(b)(5), 416.964(b)(5). This finding is critical because it dictates which Grid Rule the ALJ will apply as a basis for deciding whether a claimant is disabled. Where a claimant's medical-vocational profile correlates perfectly with that of a particular Grid Rule, the rule will dictate whether the claimant can be considered disabled. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983). In cases such as this one, where the claimant cannot perform a full range of sedentary work, the Grid Rules "are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the [Grid Rules] . . . provide a framework for consideration." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(e)(2).

Here, the determinations that plaintiff was "literate" and had a "limited education" were the deciding factors under the Grids as to whether plaintiff was disabled. Accordingly, this court will

3

focus its review on whether substantial evidence supports these findings and whether the proper Grid Rule was applied under these facts. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

B. Defendant's Objection

Defendant raises one objection to the magistrate judge's findings and recommendations. In his M&R, the magistrate judge recommended three legal conclusions. First, he agreed with the ALJ's finding that plaintiff's impairment did not meet or equal Listing 12.05C. (M&R 8-11.) Second, the magistrate judge determined the ALJ properly assessed plaintiff's residual functional capacity ("RFC") in finding that plaintiff could perform light work absent the use of alcohol. (M&R 11-13.) Third, the magistrate judge found the ALJ misapplied the Grids in making the determination that plaintiff is not disabled. (M&R 13-16.) He concluded the ALJ erred in not applying Rule 202.09 and directing a finding of disability under that rule.

Defendant objects to the third recommendation, arguing the ALJ properly found plaintiff not disabled "under the framework of Rule 202.11," rather than directing a finding of disabled under Rule 202.09, because "Grid Rule 202.09 does not apply because the plaintiff does not satisfy the regulatory definition of illiteracy." (Def.'s Obj. 5.) Rule 202.09 directs a finding of "disabled," whereas Rule 202.11 directs a finding of "not disabled."

1. The Education Categories

As defendant notes, "[t]he only difference between the two Rules is that [Rule 202.09] requires that the claimant be illiterate." (Def.'s Obj. 3.) Rule 202.09 applies when the individual's education level is "[i]lliterate or unable to communicate in English." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.09. Rule 202.11 applies when the individual's education" level is "[l]imited or less."

4

20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.11. Both of these education levels are statutorily defined. "Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. § 416.964(b)(1). The next highest education level is "marginal education," which is one level below "limited education." "Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education." 20 C.F.R. § 416.964(b)(2). Finally, limited education means

> ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education.

20 C.F.R. § 416.964(b)(3).

As the regulations point out, circumstances may dictate that "the numerical grade level that you completed in school may not represent your actual educational abilities." 20 C.F.R. § 416.964(b). Only where "there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities." Id. Thus, where there is contradictory evidence, it must be considered to determine a claimant's educational abilities.

  2. The ALJ's "Limited Education" Finding

The ALJ's specific findings regarding plaintiff's education level and illiteracy are sparse. The ALJ noted that plaintiff testified to completing the sixth grade. (R. at 20.) The ALJ then found

5

that plaintiff "is unable to perform any past relevant work."[1] (R. at 21, Finding 5.)  Without any specific factual support, the ALJ concluded that "claimant has a limited education and is able to communicate in English." (R. at 21, Finding 7.) He also found that plaintiff "can perform simple, routine, repetitive tasks in job [sic] that did not involve reading and writing." (R. at 22, Finding 12.) In making this finding, the ALJ explicitly relied upon the ME's testimony that plaintiff was "functionally illiterate." (R. at 22-23.) The ME testified that "he is it seems to me functionally illiterate, that's what I'm hearing.  He can recognize his name but cannot read and write." (R. at 473.) The ALJ did not make any more findings particular to plaintiff's education level or illiteracy.

Plaintiff was seventeen (17) years old when he completed the sixth grade. (R. at 468.) The regulatory definition of illiterate instructs that "[g]enerally, an illiterate person has had little or no formal schooling." 20 C.F.R. § 416.964(b)(1) (emphasis added).  The ALJ, apparently based only on the fact that plaintiff completed the sixth grade, found that plaintiff had a limited education, which is "generally consider[ed]" to be formal education from the "7th grade through the 11th grade." 20 C.F.R. § 416.964(b)(3). Seventeen-year-olds are not "generally" in sixth-grade classes, and relying upon this fact alone in determining that plaintiff had a "limited education" was not supported by substantial evidence. See 20 C.F.R. § 416.964(b). Thus, the ALJ erred in relying only on plaintiff's sixth-grade education to determine his educational abilities. See id.; Dixon v. Heckler, 811 F.2d 506, 509-10 (10th Cir. 1987) (holding the ALJ's reliance on claimant's "marginal education" was misplaced because the regulations provide "for use of numerical grade level to determine educational abilities only if there is no other evidence to contradict it").

---

[1] This finding is especially significant because once a claimant successfully demonstrates that he cannot perform past relevant work, the Commissioner has the burden of proving the claimant's capacity to perform other substantial gainful work. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

6

The ALJ's findings are not supported by substantial evidence and are not internally consistent. The testimony of the ME and the ALJ's own RFC finding belie a finding that plaintiff had a "limited education" and was thus literate. The ALJ first found that plaintiff has a "limited education," based ostensibly only on the fact that plaintiff testified to completing the sixth grade, and then later relied on evidence that plaintiff is "functionally illiterate" in finding that plaintiff cannot do any job involving "reading and writing." This foreclosed a finding that plaintiff had a "limited education."

    3.  Plaintiff's Education Level

Defendant argues that plaintiff does not qualify under Rule 202.09 because he is literate and falls under the "marginal education" category. Defendant cites the statutory definition of illiterate, and then relies on two contentions in arguing that plaintiff does not meet that definition. First, defendant argues that an eight-page disability function report containing handwritten responses identifying plaintiff as the person who completed the report proves that plaintiff can "write a simple message." (Def.'s Obj. 5; R. at 111.) Second, defendant argues that plaintiff completed the sixth grade and at one time obtained a driver's license, and thus he falls into the "marginal education" category rather than the "illiterate" category. (Def.'s Obj. 4.)

As explained, "illiterate" is defined as "the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. § 416.964(b)(1). Defendant argues that the testimony of the ME, which was accepted by the ALJ, that plaintiff is "functionally illiterate" is "not equivalent to the regulatory definition of illiteracy applied by the Grids." (Def.'s Obj. 3.) The Grids state that a

7

finding of disabled is warranted, however, when an individual with the various ailments suffered by plaintiff here has his vocational scope "further significantly limited by illiteracy." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.00(d). The full section reads:

> (d) Where the same factors in paragraph (c) [i.e. prior unskilled work, no transferable skills or no prior work experience] of this section regarding education and work experience are present, but where age, though not advanced, is a factor which significantly limits vocational adaptability (i.e., closely approaching advanced age, 50-54) and an individual's vocational scope is further significantly limited by illiteracy or inability to communicate in English, a finding of disabled is warranted.

Id. This is precisely what the ALJ found. In his RFC finding, he included a limitation that plaintiff could not perform a job involving "reading and writing." (R. at 22, Finding 12.)

In its objection, defendant argues "the [M&R] overlooks that part of the regulatory definition requiring an illiterate person to be unable to read or write a simple message." (Def.'s Obj 4.) Whether plaintiff actually read the questions or wrote the answers in the disability report upon which defendant relies is questionable. (See R. at 111.) The first answer in the report states that "he lays around all day and have dizzy spells and sees spots in front of his face." (R. at 111.) (emphasis added) Furthermore, the handwriting in the report does not appear consistent all the way through, which, along with the conspicuously odd use of the third person in the first answer, provides substantial doubt as to whether plaintiff was actually the person who read the questions or wrote the answers.[2]

Defendant's reliance upon plaintiff's completion of the sixth grade similarly does not provide substantial evidence that plaintiff is literate or that he has a "marginal education." As explained, reliance upon the numerical grade plaintiff completed is improper in the face of contradictory

---

[2] The court also notices that the handwriting in Disability Report-Appeal, which was also putatively completed by plaintiff, is much different than that in the report relied upon by defendant. (R. at 127.)

evidence. See Wolfe v. Chater, 86 F.3d 1072, 1076-78 (11th Cir. 1996) (overruling the finding of an ALJ and district court that claimant had a "marginal education" where he had a seventh-grade education and was "functionally illiterate"). The contradictory evidence, in fact, shows that plaintiff is illiterate.

Where there is evidence of a claimant's functional illiteracy, reliance upon claimant's numerical grade level is misplaced, and courts have remanded for an award of benefits under Grid Rule 202.09. In Dixon, the claimant appealed from the district court's judgment affirming the denial of her application for SSI benefits. Dixon, 811 F.2d at 507. The claimant appealed the finding that she was literate, and also that she did not satisfy Grid Rule 202.09. Id. at 508. The court agreed with the claimant, finding that her "educational level appear[ed] at no time to have been the focus of more than pro forma inquiry." Id. at 509. The only evidence in the record supporting a finding that the claimant was literate was her sixth-grade education, her testimony that she could "read a little bit and write a little bit," and a passing comment in her medical history that she "is unable to spell but can read." Id. at 509-10. The court reasoned the ALJ's reliance on the claimant's "marginal education" was misplaced because there was evidence that she could not write, and "the Secretary's regulation provides for use of numerical grade level to determine educational abilities only if there is no other evidence to contradict it." Id. at 510. "Despite the sparseness" of evidence of the claimant's illiteracy in the record, the court did not remand for a further hearing, but rather directed the district court to award benefits because the Secretary failed to meet its burden of showing that the claimant was not disabled. Id. at 511.

Similarly, the claimant in Skinner v. Secretary of Health and Human Services, 902 F.2d 447, 447-48 (6th Cir. 1990) appealed from a district court judgment affirming the denial of his benefits

9

under Grid Rule 202.10, which applies when the claimant has a "marginal education." The claimant attended school until age twelve (12) full-time and then part-time until age seventeen (17). Id. at 448. Both an ME and a VE testified that he read below a third-grade level and was "functionally illiterate." Id. at 449. The court held the claimant was illiterate and remanded to the district court for an award of benefits under Grid Rule 202.09. Id. at 450-51. Finding error in the ALJ's reliance upon the numerical grade purportedly completed by the claimant, the court explicitly relied upon testimony that he was functionally illiterate in reversing the ALJ and the district court. Id.

Here, plaintiff testified that he could not read or write and that he was seventeen (17) years old when he completed the sixth grade, after which he left school. (R. at 457, 468-69.) The ME testified that plaintiff was "functionally illiterate" and "cannot read and write." (R. at 473.) A consultative examiner found that he had an "IQ of 65," which "falls within the mental defective range of intelligence." (R. at 174.) Plaintiff also testified that he does not know how to read or write more than his name. (R. at 457; M&R 16 n.12.) Moreover, the ALJ's own RFC finding concluded that plaintiff could only perform a "job that did not involve reading and writing." (R. at 22, Finding 12.)

All of this evidence shows the ALJ erred in not directing a finding of disabled pursuant to Rule 202.09. In addition to plaintiff's age, lack of prior work experience, and limitation to only light work, his "vocational scope is further significantly limited by illiteracy." Thus, a finding of "disabled" should have been directed pursuant to Rule 202.09.

## CONCLUSION

Given that the burden is on the Commissioner to show plaintiff's literacy once the ALJ found that plaintiff could not perform past work, the court believes that further administrative proceedings

10

would only further delay the appropriate determination and award of benefits. Accordingly, the court ADOPTS the M&R, REJECTS defendant's objection, GRANTS plaintiff's motion for judgment on the pleadings, and DENIES defendant's motion for judgment on the pleadings. The final decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for a determination of benefits. The clerk is directed to CLOSE this case.

SO ORDERED, this the 13th day of November, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

11